UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELISSA ROBINSON
JUAN ROSA                                                              JURY TRIAL DEMANDED

V.                                                                              CASE NO. 3:12CV

A BETTER WAY WHOLESALE AUTOS, INC.
HOWARD LUNA
JOSEPH GORBECKI
MICHAEL BOWE
BCI FINANCIAL CORPORATION
TIMOTHY W. ROURKE

**COMPLAINT**

1. This is an action for actual, statutory, and punitive damages and attorneys fees for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.;* the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691; and damages pursuant to Conn. Gen. Stat. §42-110a *et seq*.; for breach of contract; breach of the duty of good faith and fair dealing, for violation of the common law of misrepresentation, and seeking treble damages for conversion (§52-564); as well as statutory damages pursuant to the Uniform Commercial Code ("UCC"), the Connecticut Retail Installment Sales Financing Act ("RISFA"), and the Creditor's Collection Practices Act ("CCPA").

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e), § 1691 e(f) and 28 U.S.C. § 1331 and §1367.

3. Plaintiffs are residents of Connecticut.

4. Plaintiff Rosa is of Hispanic national origin.

5. Robinson and Rosa are a young mixed race couple.

6. Defendant A Better Way Wholesale Autos, Inc. (ABW) has a place of business at 423 Rubber Ave, Naugatuck CT 06770.

7. Defendant Luna is the salesman who made various representations in the conduct of the sales transaction described herein, including specifically describing the 2006 Nissan Maxima sold to plaintiff Robinson as in "mint condition."

8. Defendant BCI Financial Corporation ("BCI"), which has a place of business at 219 South Main Street, Cheshire CT 06410, financed the transaction which is the subject of this Complaint.

9. Despite demand, Defendants Gorbecki and Rourke personally refused to undo the transaction after the plainly defective car was returned to ABW as a "piece of junk" and thereby ratified, adopted and approved the wrongdoing alleged herein.

10. Defendant Michael Bowe is a manager of ABW. On behalf of ABW, he threatened plaintiffs in an effort to prevent them from bringing this action or testifying therein, in violation of Conn. Gen. Stat. §53a-51, 42 U.S.C. § 1985, 18 U.S.C § 1512, or 18 U.S.C. § 1503.

11. The transaction that plaintiffs complain of is ABW's sale to plaintiff Robinson of a used 2006 Nissan Maxima on January 7, 2012. Plaintiff Rosa intended to buy the car, but the ABW defendants refused to sell it to him. Instead, they insisted on putting the car in the name of the non-Hispanic plaintiff Robinson. The car had frame damage and transmission problems such that plaintiffs were afraid to drive the car. Accordingly, they returned the car to ABW and requested a refund. They requested BCI to cancel the transaction as well. As of the date of this complaint, both ABW and BCI have refused to

cancel the warranty or the contract with knowledge of problems with the transaction.

12. During 2011, ABW entered into more than 25 retail installment contracts with individuals which were payable in more than four installments.

13. During 2011, BCI financed more than 25 retail installment contracts with individuals which were payable in more than four installments.

14. Upon information and belief, ABW purchased the 2006 Nissan at an auction which announced it as a frame damaged vehicle.

15. On January 7, 2012, after a sales discussion largely in Hispanic with plaintiff Rosa, ABW had both plaintiffs signed a purchase order for the 2006 Nissan for a cash price of $9,995, even though only plaintiff Rosa intended to buy the car. Plaintiff Rosa made a deposit of $1,000 and plaintiffs were told that they could trade in another car toward the balance of the $3,000 down payment.

16. Although the transaction was conducted primarily in Spanish, there was no Spanish-Language Buyer's guide on the Vehicle as required by 16 C.F.R. § 455.5, and plaintiffs were not provided with a Spanish-Language Buyer's guide.

17. Defendant refused to sell the Nissan to plaintiff Rosa and made up a new purchase order for plaintiff Robinson.

18. When plaintiffs went to pick up the car on January 12, ABW offered to credit $100 for the trade-in.

19. Plaintiffs requested ABW to return the deposit. ABW refused.

20. Plaintiff Rosa paid the $2,000 balance of the down payment.

21. Because they immediately began experiencing driving problems with the Nissan,

plaintiffs had the car inspected.

22. The inspection revealed that the car needed a transmission and cooler at an estimated cost of $5,600; that the car had frame damage; that damage to the front of the car caused the hood not to close properly and the car to shake when driving.

23. The electrical panel above the dashboard was missing; Mr. Luna said it would be replaced before the plaintiffs picked up the car, but that did not happen.

24. In addition, the screws for the grill were sheared off; the left front fender shield was broken; the right front fender shield was missing; the car appears to have been repaired in rear and left side.

25. At no time did any defendant provide plaintiff Rosa with an adverse action notice as required by the ECOA.

26. The retail installment contract included a charge of $198 for "VIN Etch," which was not provided.

27. The retail installment contract included a charge of $596 for a Dealer Conveyance Fee. The dealer did not perform any services justifying that exorbitant fee.

28. The second purchase order and the retail installment contract included a service contract at a cost of $2,195. On its face, the retail installment contract was blank in the space expressing a desire for a service contract.

29. Upon information and belief, the service contract did not cover the preexisting defects.

30. Defendant ABW breached its contract by not complying with applicable statutes. Farmers' & Merchants' Bank v. Federal Reserve Bank, 262 U.S. 649, 660 (1922);

Harlach v. Metropolitan Prop. & Liab. Ins., 221 Conn. 185, 192, 602 A.2d 1007 (1992). See also Walsh v. Waldron & Sons, 112 Conn. 579, 582, 153 A. 298 (1931); Ciarleglio v. Benedict & Co., 127 Conn. 291, 293, 16 A.2d 593 (1940).

    31. The defendants' acts complained of herein were done or omitted as a matter of routine practice and procedure, intentionally and/or in reckless disregard of the rights of the consumer plaintiff.

DAMAGES

    Due to the defendants' conduct, plaintiffs lost the down payment; the value of the moneys paid for car insurance, and suffered inconvenience, expense, and anxiety.

WHEREFORE,  it is respectfully prayed that this Court:

1. Award statutory, actual, and punitive damages to the plaintiff under TILA, the UCC, RISFA, CUTPA, ECOA, CCPA, or common law, and treble damages for conversion.
2. Award costs and a reasonable attorney's fee.
3. Award such other or further relief as the  Court deems just or equitable.

                              THE PLAINTIFFS

                              BY____/s/ Joanne S. Faulkner____
                              JOANNE S. FAULKNER  ct04137
                              123 Avon Street
                              New Haven, CT  06511-2422
                              (203) 772-0395